IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                         RESPONDENT

v.                              No. 1:10-cr-10023
                                No. 1:12-cv-1116

JAMES CHRISTOPHER BAILEY                                              MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 36) filed herein by **JAMES CHRISTOPHER BAILEY**, (hereinafter referred to as "Bailey") an inmate confined in Forth Worth Federal Medical Center, Fort Worth, Texas. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 39. Bailey has replied (ECF No. 40) to that Response and the matter is ready for decision.

1. **Procedural Background**:

On October 21, 2010, Bailey was arrested on a Federal Criminal Complaint charging him with possession with intent to distribute more than 28 grams of crack cocaine. ECF No. 1. On October 22, 2010, Bailey made his initial appearance before the undersigned. Mr. Robert L. Depper was appointed to represent Bailey. ECF No. 2.

Bailey was named in a four-count Indictment returned by the Grand Jury for the Western District of Arkansas on November 4, 2010. ECF No. 7. Count One charged Bailey with conspiracy to distribute 280 grams or more of crack cocaine as early as July 2010 until on or about October 20,

2010.  Count Two charged Bailey with distributing crack cocaine on or about September 16, 2010. Count Three charged Bailey with distributing more than 28 grams of crack cocaine on or about September 28, 2010.  Count Four charged Bailey with possessing with intent to distribute more than 28 grams of crack cocaine on or about October 20, 2010.  On November 18, 2011, Bailey appeared with counsel and entered a plea of not guilty to all counts.  Trial was scheduled for  January 10, 2011.  ECF No. 10-11.

On February 15, 2011, following discovery and a motion to continue the trial date, Bailey and his counsel appeared before U.S. District Judge Harry F. Barnes for a change of plea hearing. ECF No. 22.   He entered a plea of guilty to Count 1 of the indictment pursuant to a Plea Agreement with the Government.  ECF No. 23.   The Plea Agreement also provided the Government would dismiss the remaining counts at sentencing.   Judge Barnes ordered a pre-sentence investigation report ("PSR") prepared.  The Defendant was remanded to the custody of the United States Marshal to await sentencing.  ECF No. 22.

The United States Probation Office prepared a PSR and the matter was set for sentencing on September 12, 2011.  Bailey was found to be a career offender pursuant to Section 4B1.1(a) of the United States Sentencing Guidelines ("USSG").  The PSR, after considering Bailey's objections, found a total offense level of 34 and a criminal history category VI. It recommended a sentence range of 262 to 327 months imprisonment, five (5) years supervised release and a $100 special assessment.

On September 12, 2011, Bailey appeared before Judge Barnes for sentencing.  Thereafter, the Court sentenced Bailey to a term of imprisonment of 262 months, imposed a five (5) term of supervised release, denial of federal benefits, and a $100.00 special assessment.  ECF No. 27.  The Court did not impose a fine.

On September 20, 2011, Bailey, through counsel, filed a notice of appeal. ECF No. 29. His counsel argued on appeal the District Court committed reversible error by sentencing Bailey as a career offender because the Government, in the Plea Agreement, committed "not to file an information with the Court seeking a sentencing enhancement of mandatary life imprisonment without release based on the defendant's prior felony drug convictions." ECF No. 23. Bailey also filed a *pro se* letter brief with the Court of Appeals arguing that his conspiracy offense may not trigger a §4B1.1 career offender enhancement.

On May 14, 2012, the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. *See United States v. Bailey*, 677 F.3d 816 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 223, 184 L. Ed. 2d 115 (U.S. 2012). The Court first held:

> The Government did not violate the plea agreement. Its promise "not to file an information ... seeking a sentencing enhancement of mandatory life imprisonment" was an unambiguous reference to the filing of an information under 21 U.S.C. § 851. . . the government does not breach a plea agreement by promising not to file a § 851 information and then not opposing, or even supporting, a career offender increase under § 4B1.1 of the guidelines based upon the same convictions that would have warranted a § 851 filing.

*Bailey*, 677 F.3d at 817-18. The Court then addressed Bailey's *pro se* argument that his conspiracy offense may not trigger a § 4B1.1 career offender enhancement:

> Although this contention finds support in earlier cases from some other circuits, we have squarely rejected it. United States v. Mendoza–Figueroa, 65 F.3d 691, 692 (8th Cir.1995) (en banc), cert. denied, 516 U.S. 1125, 116 S.Ct. 939, 133 L.Ed.2d 864 (1996), applying U.S.S.G. § 4B1.2, comment. (n.1), which defines "controlled substance offense" to include conspiracy offenses.

*Bailey*, 677 F.3d at 818. Bailey's conviction and sentence were affirmed, and the United States Supreme Court denied review.

2. **Instant Petition**:

Bailey filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on December 10, 2012. ECF No. 36. The Court directed a response, and the Government filed its Response on January 11, 2013. ECF No. 39.

In his Motion, Bailey asserts one claim for relief. He claims his trial counsel was ineffective for failing during plea negotiations to obtain "removal of the USSG § 4B1.1 'Career Offender' sentencing enhancement. . ." ECF No. 36 p. 4. The Government responds first that trial counsel was not ineffective and second that Bailey has litigated this issue on his direct appeal and may not re-litigate it now.

3. **Discussion**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Bailey now claims his trial counsel was ineffective for failing to negotiate away the USSG enhancement under § 4B1.1. While Bailey's counsel did not raise this specific career offender issue before the District Court or on appeal, Bailey raised it in his *pro se* briefing to the Eighth Circuit. Further, as Bailey himself maintains, his Petition for Writ of *Certiorari* to the Supreme Court raised

this exact issue. The Supreme Court denied *certiorari*.

The claim raised by Bailey was raised on direct appeal. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir.2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981)). Bailey's claim challenging the applicability of USSG §4B1.1 is barred because he is seeking to revisit the same issue that was rejected on direct appeal.

The Court notes Bailey couches his claim in the instant motion as an ineffective assistance of counsel claim. This does not save the issue. The Eighth Circuit has held that a conspiracy offense may trigger the § 4B1.1 enhancement. *See Mendoza-Figueroa*, 65 F.3d at 692. Bailey's argument is without merit here and has been dismissed in his direct appeal. Accordingly, his trial and appellate counsel's failure to advance a merit-less argument cannot constitute ineffective assistance of counsel. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Bailey likewise fails to show any prejudice by counsel in failing to raise this claim as any such claim would not have been successful.

The Court also concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief he seeks.[1]

## 4. **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed. Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from

---

[1] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **6th day of August 2013.**

       /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE