IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.                               No. 1:10-cr-10023
                                 No. 1:17-cv-01020
                                 No. 1:12-cv-01116

JAMES CHRISTOPHER BAILEY                                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 50) filed by James Christopher Bailey ("Bailey"), an inmate confined in the Federal Bureau of Prisons, Federal Medical Center in Fort Worth, Texas. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.[1]

**1.    Procedural Background**:

On October 21, 2010, Bailey was arrested on a Federal Criminal Complaint charging him with possession with the intent to distribute more than 28 grams of crack cocaine. ECF No. 1. On October 22, 2010, Bailey made his initial appearance before the undersigned. ECF No. 2. Robert L. Depper was appointed to represent Bailey.

On November 4, 2010, Bailey was named in a four-count Indictment returned by the Grand Jury for the Western District of Arkansas. ECF No. 7. Count One charged Bailey with conspiracy

---

[1] A Report and Recommendation was entered by the undersigned in this case on September 12, 2017. ECF No. 57. The original Report and Recommendation addressed the substantive issue raised by Movant. This new Report and Recommendation is filed to address the additional issue of the instant Motion being successive in nature.

to distribute 280 grams or more of crack cocaine from July of 2010 until about October of 2010. Count Two charged Bailey with distributing crack cocaine on or about September 16, 2010. Count Three charged Bailey with distributing more than 28 grams of crack cocaine on or about September 28, 2010. Count Four charged Bailey with possessing with the intent to distribute more than 28 grams of crack cocaine on or about October 20, 2010.

On November 18, 2010, Bailey appeared with counsel before the undersigned for an arraignment and entered pleas of not guilty to the four Counts charged against him. ECF No. 10. On February 15, 2011, Bailey appeared with counsel for a change of plea hearing before the Honorable Harry F. Barnes. ECF No. 22. A written plea agreement was presented wherein Bailey would plead guilty to Count One of the Indictment. ECF No. 23. The Court reviewed the Plea Agreement with Bailey, and he was advised of rights and the penalties. A factual basis was set forth to which Bailey agreed and, after finding Bailey's plea to be voluntary, the Court tentatively approved the plea agreement pending completion of a Presentence Investigation Report ("PSR"). ECF No. 22.

The United States Probation Office in the Western District of Arkansas prepared Bailey's initial PSR and then a revised PSR. ECF No. 26. The revised PSR assessed a Base Offense Level of 32. *Id.* ¶ 18. Bailey received an enhancement pursuant to U.S.S.G. § 4B1.1(a) for being a career offender resulting in an offense level of 37. *Id.* ¶ 24. Baily received a 3-point reduction for acceptance of responsibility. *Id.* ¶ 25-26. This resulted in a total offense level of 34. *Id.* ¶ 27. Based on a Total Offense Level of 34 and Criminal History Category of VI, Bailey's resulting advisory guideline range was 262-327 months imprisonment. *Id.* ¶ 52.

On September 12, 2011, Bailey appeared for sentencing. ECF No. 25. The Court sentenced

Bailey on Count One of the Indictment to 262 months imprisonment, 5 years supervised release, and a $100 special assessment. ECF No. 27. Counts Two, Three, and Four were dismissed on a motion by the Government. On September 20, 2011, Bailey filed a timely notice of appeal. ECF No. 29. On appeal, Bailey argued Judge Barnes committed reversible error when he sentenced him as a career offender under U.S.S.G. § 4B1.1(a). The Eighth Circuit disagreed with Bailey; and on May 14, 2012, the Eighth Circuit filed its opinion affirming the judgment of Judge Barnes. *See United States v. Bailey,* 677 F.3d 816 (8th Cir. 2012). On June 4, 2012, Bailey petitioned the United States Supreme Court for a writ of *certiorari*. Supreme Court Docket 11-10823. On October 1, 2012, the Supreme Court denied Bailey's petition. *Bailey v. United States,* 133 S.Ct. 223 (2012).

On December 10, 2012, Bailey filed his first Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") alleging his counsel was ineffective during plea negotiations which resulted in a violation of 28 U.S.C. § 994(h). ECF No. 36. In this *pro se* § 2255 Motion, Bailey sought relief based on his counsel's failure to negotiate the removal of the career offender sentencing enhancement which he claimed was contrary to the Congressional statutory intent of 28 U.S.C. § 994(h). ECF No. 36. The Court denied Bailey's § 2255 Motion on January 14, 2014. ECF No. 42.

On September 8, 2016, Bailey filed a *pro se* motion for appointment of counsel wherein he requested appointment of counsel in light of the sentencing commission's recent "minor role" 3B1.2 amendment that he claimed was made retroactive. ECF No. 48. On December 2, 2014, the Court appointed the Federal Public Defender to represent Bailey with respect to his request.

Prior to the Federal Public Defender filing the motion to reduce sentence, Bailey filed his current (and second) Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence of

a Person in Federal Custody. ECF No. 50. Bailey filed a supplement to the motion on June 8, 2017. ECF No. 52. On July 3, 2017, Bailey also filed a supplement to this second 28 U.S.C. § 2255 Motion: "Motion in Clarification of Current Issue Before the Court in the 28 U.S.C. § 2255 Second-in-Time to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody and/or Rule 60(b) of the Federal Rules of Civil Procedure." ECF No. 54. With this motion, he claims the current motion should not be considered a second or successive § 2255 motion. ECF No. 54. On August 18, 2017, the Government responded to Bailey's § 2255 Motion. ECF No. 55. This Motion is now ripe for consideration.

**2.    Discussion**:

Upon review, the Court finds Bailey's current § 2255 motion should be denied as a second or successive petition. Notably, Bailey previously filed a § 2255 motion. ECF No. 36. His prior § 2255 motion was denied. ECF No. 42. Bailey then filed the current § 2255 motion. ECF No. 50. Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Bailey was required to obtain a certification by a panel of the Eighth Circuit prior to filing this § 2255 motion. *See* 28 U.S.C. § 2244(b) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Bailey did not seek such an authorization. In his supplemental motion, he claims this failure is excused because the issues he is currently raising "did not exist before the time limits or when he processed his initial § 2255(f)(2-3) proceedings." ECF No. 54 at 3. However, even if these claims were to be permitted, Bailey *was still required* to seek Eighth Circuit

approval prior to filing this § 2255 motion.  Without such a certification, this Court has no jurisdiction over this case.  *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals).  Thus, this § 2255 motion must be dismissed for lack of jurisdiction.

Even if this Motion were not successive in nature, Bailey's appointed counsel recognizes that Bailey is "not eligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) because he was sentenced as a career offender and because Amendment 794 has not been made retroactive to cases on collateral review."  ECF No. 51.  Thus, the Court finds no basis for relief on this issue; and accordingly, finds this Motion should be denied on its merits**.**

**3.** **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 50) be **DENIED**.[2]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).

**DATED** this **25th day of September 2017.**

    /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE