IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES CHRISTOPHER BAILEY                                                    PETITIONER

v.            Case Nos. 1:10-cr-10023; 1:17-cv-01020; 1:12-cv-01116

UNITED STATES OF AMERICA                                                   RESPONDENT

# ORDER

Before the Court is the Report and Recommendation filed September 25, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 59). Judge Bryant recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 50) be denied. Specifically, Judge Bryant found that Petitioner's § 2255 motion constitutes a second or successive petition for § 2255 relief and should be denied because Petitioner failed to obtain authorization from a three-judge panel of the Eighth Circuit prior to filing his petition. *See* 28 U.S.C. § 2244(b)(3)(B).

On September 12, 2011, Petitioner was sentenced to an imprisonment term of two hundred and sixty-two (262) months, followed by 5 years of supervised release, and a special assessment of $100.00. ECF No. 27. Judgment on Petitioner's sentence was entered on September 15, 2011. ECF No. 27. Petitioner appealed his sentence, which was affirmed by the Eighth Circuit on May 14, 2012. *See United States v. Bailey*, 677 F.3d 816 (8th Cir. 2012), *cert. denied*, 568 U.S. 864 (2012).

Petitioner subsequently filed a *pro se* motion for relief pursuant to § 2255 based on ineffective assistance of counsel grounds. ECF No. 36. Specifically, Petitioner argued that his

counsel rendered ineffective assistance of counsel in failing to negotiate the removal of the career offender sentencing enhancement in violation of 28 U.S.C. § 994(h).[1] The Court entered an order denying that motion on January 14, 2014. ECF No. 42.

"Before a trial court may consider a second or successive § 2255 motion . . . a petitioner must obtain permission from the court of appeals." *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) (citing 28 U.S.C. §§ 2244 and 2255). Here, the Court agrees with Judge Bryant's conclusion that Petitioner's § 2255 motion must be denied. Because Petitioner has previously filed a § 2255 petition, the petition at bar is clearly a second or successive petition that requires prior authorization pursuant to § 2244(b). As a result, the Court lacks jurisdiction to review such a motion without prior authorization from the Eighth Circuit.

Petitioner has filed objections, which are not directly responsive to the Report and Recommendation. Petitioner's objections primarily argue the merits of his petition and fail to address the successive nature of the motion. Petitioner does, however, cite one case as an example of an instance in which a petitioner was not procedurally barred from filing a § 2255 motion raising similar issues. *See United States v. Walker*, No. 6:17-cv-06058 (W.D. Ark. Aug. 25, 2017). However, *Walker* is inapposite to the petition at bar, as the record in that case shows that the petitioner filed only one motion for relief pursuant to § 2255. Accordingly, the Court overrules Petitioner's objections.

---

[1] Section 994(h) directs the Sentencing Commission to promulgate sentencing guidelines that "specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and: (1) has been convicted of a felony that is (A) a crime of violence, or (B) an offense described in" 21 U.S.C. § 841, 21 U.S.C. §§ 952(a), 955, 959, and 46 U.S.C. § 705; "and (2) has previously been convicted of two or more prior felonies, each of which is (A) a crime of violence, or (B) an offense described in" 21 U.S.C. § 841, 21 U.S.C. §§ 952(a), 955, 959, and 46 U.S.C. § 705.

For the foregoing reasons, the Court adopts the Report and Recommendation *in toto*. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 50) is **DENIED**.

**IT IS SO ORDERED**, this 11th day of April, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge